UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

LUIS VICTOR GONZALEZ                                    COMPLAINT

                                                       JURY TRIAL REQUESTED

                        Plaintiff(s),

            -against-                                   Civil Action No.:

RAY RODRIGUEZ;
R&A DELI (AKA QUEENS PAPA AND SON DELI).

                        Defendant(s).
--------------------------------------------------------------x

       Plaintiff, Luis Victor Gonzalez, on behalf of himself and others similarly situated by and through his undersigned attorney, hereby files this complaint against Defendants Ray Rodriguez and  R&A Deli (a.k.a Queens Papa and Son Deli (each individually "Defendant" or collectively "Defendants") and alleges as follows:

PRELIMINARY STATEMENT

1.  Plaintiff alleges pursuant to the Fair Labor Standards Act, as amended 29 U.S.C. § 201 *et seq.* ("FLSA"), that he is entitled to recover from Defendants unpaid minimum wages, liquidated damages, and attorney's fees and costs.

2.  Plaintiff further alleges that pursuant to New York Labor Law, he is entitled to recover from Defendants: unpaid minimum wages, liquidated damages, attorney's fees and costs.

JURSDICITION AND VENUE

3.  This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, 1337, 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.  Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391.

<u>PARTIES</u>

5.  Plaintiff, Luis Victor Gonzalez, is a resident of Queens County.

6.  Upon information and belief Defendants have their principal corporate office at 54-04 99
    Street , Corona , Queens County, NY 11368

7.  R&A Deli is a business corporation  with diverse economic interests and the former
    employer of Plaintiff.

8.  Ray Rodriguez is the Chief Executive Officer of  R&A Deli and the principal decision
    maker on employment and economic matters.

9.  Ray Rodriguez exercised control over the terms and conditions of Plaintiff's employment
    and those of similarly situated employees.

10. At all relevant times, Defendant R& A Deli, was and continues to be a corporation engaged
    in commerce within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiff was directly essential to the business
    operated by the Defendants.

<u>FACTUAL ALLEGATIONS</u>

12. On or about February 6, 2017, Plaintiff was hired as a chef for the Defendants.

13. Plaintiff worked for the Defendants from February 6, 2017 to August 12, 2018.

14. Plaintiff performed his responsibilities diligently and consistently.

15. Plaintiff's duties included cooking food, cleaning the kitchen, taking orders, and maintain

16. Plaintiff was also instructed to work at other churches and organizations where Defendant
    Henderson was scheduled to officiate or perform ceremonies and give sermons.

17. Plaintiff worked a minimum of fifty four (54) hours a week for the Defendants during this
    period.

2

18. Although Plaintiff worked in excess of forty hours every week he was never paid a time and one half or paid any overtime compensation.

19. Defendants agreed to pay the Plaintiff $19 an hour in wages. The Defendants did not pay the wages as agreed notwithstanding several requests from Plaintiff, who demanded to be paid the agreed upon wages.

20. During the period of Plaintiff's employment with Defendants, Plaintiff was paid by cash.

21. The Defendants knowingly and willingly operated their business with a policy of not paying their staff, including the Plaintiff, either the minimum wage under the FLSA or the New York State minimum wage.

22. Plaintiff retained The Law Offices of Albert Van-Lare to represent him and other similarly situated in this litigation and has agreed to pay this Law Offices a reasonable fee for its services.

23. Plaintiff worked hours for which he was not paid the statutory minimum wage.

24. At all relevant times, the Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff for his hours worked.

25. Defendants failed to pay Plaintiff minimum wages in the lawful amount for his hours worked.

26. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

27. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff minimum wages for hours worked when Defendants knew or should have known such was due.

28. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

29. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

30. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered damages in the amount not presently ascertainable of unpaid minimum wages, plus an equal amount of liquidated damages.

31. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

32. At all relevant times, Plaintiff was employed by the Defendants within the meaning of New York Labor Law §2 and § 651.

33. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the total amount for hours worked.

34. Due to the Defendants' New York Labor law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, damages for unreasonably delayed payments, reasonable attorney's fees and costs, and disbursements of the action pursuant to New York Labor Law § 663(1).

35. The Defendants terminated the Plaintiff on or about August 12, 2018.

36. Plaintiff was never provided with any notice of New York's Wage Theft Prevention Act ("WTPA") (N.Y. Lab. Law § 195.)

37. Plaintiff has worked for the Defendants from February 6, 2017 thru August 12, 2018 and never received any notice of his rate of pay, allowances, regular pay day, name of his employer, physical address of his employment and the telephone of his employer.

38. Plaintiff never received any document from the defendants in writing that stated Plaintiff's payment of wages, listing of gross wages, deductions and net wages, and/or how the wages were computed.

39. The Defendants have violated Plaintiff's rights pursuant to the Wage Theft Prevention Act An under N.Y. Lab. Law § 195 for their failure to provide proper wage notices and wage statements to Plaintiff.

## AS AND FOR A FIRST CAUSE OF ACTION

40. Plaintiff realleges paragraphs 1 thru 44 of this Complaint as if fully set forth herein.

41. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of services for commerce within the meaning of the FLSA 29 U.S.C. § 206(a0) and § 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA 29 U.S.C. § 206(a0) and § 207(a).

42. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

43. Upon information and belief at all relevant times, Defendant R&A Deli  had gross annual revenue in excess of $700,000.00. Defendants violated Plaintiff's rights by denying him the benefits provided to him pursuant to the FLSA and New York Labor Law § 663.

## AS AND FOR A SECOND CAUSE OF ACTION

44. Plaintiff realleges paragraphs 1 thru 43  of this Complaint as if fully set forth herein.

45. Defendants violated New York Wage Theft Prevention Act when they failed to provide Plaintiff with his full pay, notice of his rate of pay, allowances, regular pay day, name of his employer, physical address of his employment and the telephone of his employer.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff on behalf of himself and all similarly situated employees, respectfully requests that this Court grant the following relief jointly and severally against all the Defendants or as otherwise stated:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law.

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein.

c. An award of unpaid minimum wages, and overtime pay under the FLSA and the New Yok Labor Law.

d. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wages pursuant to 29 U.S.C. § 216.

e. An award of statutory damages as a result of Defendants' violations under N.Y. Lab. Law § 195 for their failure to provide proper wage notices and wage statements to Plaintiff.

f. An order granting damages in amount to be proven at trial for actual and consequential damages for pain, suffering, and humiliation Plaintiff suffered as a result of Defendants' illegal actions

  g. An order taxing the costs of this action against Defendants, including Plaintiff's

    attorney's fees and costs incurred in the prosecution of this case.

  h. Any and all further relief in law and equity deem necessary by the Court.

New York, NY

Dated: December 20, 2018


Respectfully submitted,


_____

ALBERT VAN-LARE, ESQ.
The Law Offices of Albert Van-Lare
Attorney for Plaintiff
125 Maiden Lane, Suite 510
New York, NY 10038
(212) 608-1400-Tel
(877) 505-6103-Fax
vanlareesq@aol.com